UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENT ALLEN,

                    Plaintiff,

            -against-

DEJA M. TRIMBLE; HARTWIG MASUCH
(BMG CEO),

                    Defendants.

21-CV-4299 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the diversity of citizenship statute, 28 U.S.C. § 1332, as the basis for this Court's jurisdiction. Plaintiff alleges that he developed the idea of the social media site Twitter, and he seeks compensation and credit for his alleged creation.[1]

By order dated May 26, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth in this order, the Court dismisses the complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

---

[1] Before Plaintiff filed this action on May 11, 2021, the Court had already warned him about continuing to file suits with implausible allegations and meritless claims. *See, e.g.*, *Allen v. Patton*, ECF 1:21-CV-3434, 2 (S.D.N.Y. Apr. 30, 2021); *Allen v. Patton*, ECF 1:21-CV-3457, 2 (S.D.N.Y. filed April 19, 2021). Subsequent to Plaintiff's filing of this complaint, the Court, in *Allen v. Almanzar*, ECF 1:21-CV-3838, 4 (LTS) (S.D.N.Y. May 17, 2021), directed Plaintiff to show cause why he should not be enjoined from filing any further actions in this Court IFP, due to his repetitive filing of meritless complaints.

Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

The following facts are taken from Plaintiff Kent Allen's complaint: When Plaintiff was 15 years old, he moved to South Florida and attended Coconut Creek High School. (ECF 2 at 6.) Plaintiff met Deja Monet Trimble, and he told her that "she could become a good music entertainer or go into fashion." (Id. at 6). She said that she had already been writing and "wanted to come up with her stage name." (Id.) Plaintiff "groomed her on how to become a good music entertainer." (Id.)

Because Def Jam Recordings was one of Plaintiff's favorite recording labels, he suggested that Deja "use Dej" as a stage name. (Id. at 7.) Moreover, she "always wanted a loaf of bread from the store." (Id.) "Put it together, and you come [up] with Def [sic] Loaf collectively." (Id.)

Plaintiff further alleges that "[t]he idea I thought of for [Deja] was Twitter, which was to become a social media platform." (Id.)

Plaintiff names Hartwig Masuch, a German music executive, and Deja Trimble as defendants in this action. Plaintiff seeks $54 million in damages.

## DISCUSSION

Under the IFP statute, a court must dismiss a case if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston*, 141 F.3d at 437 (internal quotation marks and citation omitted). Moreover, a court has "no obligation to

entertain pure speculation and conjecture." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks).

The Court, after reviewing Plaintiff's complaint, finds that it lacks any arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff's claims that he created Twitter and is responsible for the music career of Defendant Trimble are wholly implausible, particularly in light of claims Plaintiff has advanced in his numerous other complaints. *See Allen*, ECF 1:21-CV-3838, 4 (S.D.N.Y.) (collecting cases). The Court therefore dismisses the complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). But a court has inherent power to dismiss without leave to amend or replead in "where … the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (citation omitted), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123-24 (2d Cir. 2011); *see also Shapiro v. McManus*, 136 S. Ct. 450, 455-56 (2015) (holding that federal-question jurisdiction is lacking where the claims are "wholly insubstantial and frivolous," "essentially fictitious," or "obviously without merit" (internal quotation marks and citations omitted)). Because the Court concludes that granting leave to amend would be futile, the Court declines to do so.

## CONCLUSION

Plaintiff's complaint, brought IFP under 28 U.S.C. § 1915(b), is dismissed as frivolous, § 1915(e)(2)(B)(i).

The Court certifies under that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to electronically notify Plaintiff of this order by transmitting it to Plaintiff's email address, nerdsfinancial@gmail.com.

SO ORDERED.

Dated:    June 1, 2021
          New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge